HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

BRETT DURANT, On Behalf of Himself and all other similarly situated,

Plaintiffs,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign automobile insurance company,

Defendant.

CASE NO. 2-15-CV-01710-RAJ

ORDER

This matter comes before the Court on Plaintiff Brett Durant's motion to certify class and appoint class counsel. Dkt. # 27.[1] Defendant State Farm Mutual Automobile Insurance Company ("State Farm") opposes the motion. Dkt. # 34.[2] For the reasons that follow, the Court **GRANTS** Plaintiff's motion.

---

[1] The Court notes that Plaintiff largely cites to authority that is outside the Ninth Circuit. *See, e.g.*, Dkt. # 27 at pp. 4-5 (twenty of Plaintiff's thirty-five cases cited in his motion are outside the Ninth Circuit). This authority is not binding on the Court. Importantly, the Court finds that Plaintiff cited non-binding authority when valid Ninth Circuit authority on the issue exists and is accessible. The Court advises Plaintiff and his counsel to be mindful of this issue for future filings.

[2] The Court strongly disfavors footnoted legal citations. Footnoted citations serve as an end-run around page limits and formatting requirements dictated by the Local Rules. *See* Local Rules W.D. Wash. LCR 7(e). Moreover, several courts have observed that "citations are highly relevant in a legal brief" and including them in footnotes "makes brief-reading difficult." *Wichansky v. Zowine*,

ORDER-1

## I. BACKGROUND

On July 21, 2012, Plaintiff was injured in a motor vehicle accident. Dkt. # 27 at p. 10. To aid in his recovery, Plaintiff sought treatment with a chiropractor and masseuse. *Id*. at pp. 10-11. Plaintiff opened a Personal Injury Protection Coverage (PIP) claim with State Farm to cover these medical expenses. *Id*. at p. 10. According to the PIP provision in Plaintiff's policy, State Farm agreed to cover "reasonable medical expenses incurred within three years of the date of the accident." Dkt. # 39-1 at p. 23. "Reasonable medical expenses" include, among other things, "necessary" expenses that are "essential in achieving maximum medical improvement for the bodily injury sustained in the accident." *Id*. at p. 24.

Upon opening the PIP claim, Plaintiff received a letter from State Farm summarizing his benefits. Specifically, the letter stated that:

> The policy provides coverage for reasonable and necessary medical expenses that are incurred within three (3) years of the accident. Medical services must also be essential in achieving maximum medical improvement for the injury you sustained in the accident. . . .
>
> Occasionally there are situations where treatment may not be considered reasonable, necessary, or related to the accident. Similarly, there may be cases where the services are not essential in achieving maximum medical improvement for the injury sustained in the accident. In such cases, YOUR PIP COVERAGE MAY NOT PAY FOR ALL OF YOUR EXPENSES directly.

---

No. CV-13-01208-PHX-DGC, 2014 WL 289924, at *1 (D. Ariz. Jan. 24, 2014). The Court strongly discourages the Parties from footnoting their legal citations in any future submissions. *See Kano v. Nat'l Consumer Co-op Bank*, 22 F.3d 899-900 (9th Cir. 1994).

ORDER-2

Dkt. # 30, Ex. C at pp. 24-25.

To determine whether insureds have achieved maximum medical improvement ("MMI"), State Farm sends form letters to treating providers. Dkt. # 39-1 at p. 2. The letters ask, among other things, whether the patient has reached MMI and, if not, when the provider thinks that the patient will reach MMI. *Id*. State Farm denies coverage for treatment once a provider discloses that a patient has reached MMI. Dkt. # 30, Ex. F at pp. 32-35. A simple denial of coverage based on this MMI standard, codified under State Farm's Reason Code 546, specifically explains that "[s]ervices are not covered, as your provider advised us you previously reached maximum medical improvement. . . ." *Id*.

In lieu of communicating directly with treating providers, State Farm claims specialists may contract with physicians to conduct Utilization Reviews ("UR") or Independent Medical Examinations ("IME") of insureds' claims. Dkt. # 34 at p. 9. In such cases, the claims specialists send the physicians form letters that may include questions regarding a patient's MMI status. *See, e.g.*, Dkt. # 39-4 at p. 18 (Question 11 asks whether "the patient reached maximum medical improvement relative to the injury(ies) or condition(s) sustained" in the accident.). A denial of coverage based on the outcome of a UR or an IME is codified under Reason Codes 536 and 537, respectively. *See, e.g.*, Dkt. # 39-5 at p. 32; *see also* Dkt. # 27 at p. 15. However, Reason Codes 536 and 537 do not expressly state that the denial is based on the patient reaching MMI; one would need to review the individual claim file to ascertain whether the physician found that the patient achieved MMI.

On April 3, 2013, Plaintiff's chiropractor certified that Plaintiff had reached MMI on March 27, 2013. Dkt. # 30, Ex. E at p. 29. Soon thereafter, State Farm denied coverage for Plaintiff's claims based on Reason Code 546. Dkt. # 30, Ex. F at pp. 32-35. Though Plaintiff concedes that his injuries "may have been stable as of the end of March, his injuries had not resolved." Dkt. # 27 at p. 11. Plaintiff claims that he could not

ORDER-3

maintain stability without ongoing treatment; otherwise, Plaintiff risked exacerbating his injuries upon returning to his usual activities. *Id.*

Plaintiff retained an attorney for the purpose of pursing his denied PIP benefits. Plaintiff argued that State Farm was in violation of Washington Administrative Code (WAC) 284-30-395 when it denied claims based on the MMI standard. Dkt. # 30, Ex. G at p. 37. This provision of the WAC provides, in part:

> Within a reasonable time after receipt of actual notice of an insured's intent to file a personal injury protection medical and hospital benefits claim, and in every case prior to denying, limiting, or terminating an insured's medical and hospital benefits, an insurer shall provide an insured with a written explanation of the coverage provided by the policy, including a notice that the insurer may deny, limit, or terminate benefits if the insurer determines that the medical and hospital services:
> (a) Are not reasonable;
> (b) Are not necessary;
> (c) Are not related to the accident; or
> (d) Are not incurred within three years of the automobile accident.
> These are the only grounds for denial, limitation, or termination of medical and hospital services permitted pursuant to RCW 48.22.005(7), 48.22.095, or 48.22.100.

WAC 284-30-395(1)(a)-(d). State Farm conceded that the MMI standard is not codified in the WAC, but explained that "the insurance commissioner's office thoroughly reviews and approves policy language proposed by insurance companies." Dkt. # 30, Ex. H at p. 39. State Farm nonetheless reiterated that it denied Plaintiff's claims because he reached

ORDER-4

MMI.  *Id.*  State Farm did not deny Plaintiff's claims because they were unreasonable, unnecessary, or unrelated to the accident.

On April 9, 2014, Plaintiff filed a class action against State Farm in Superior Court based on the use of the MMI standard to deny coverage for personal injury claims. Dkt. # 5-1 (Complaint).  State Farm removed the action to this Court, and now Plaintiff seeks to certify the class and appoint class counsel.  Dkt. ## 1, 27.

## II. LEGAL STANDARD

The Court's decision to certify a class is discretionary.  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009).  Federal Rule of Civil Procedure 23 ("Rule 23") guides the Court's exercise of discretion.  A plaintiff "bears the burden of demonstrating that he has met each of the four requirements of Rule 23(a) and at least one of the [three alternative] requirements of Rule 23(b)."  *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 724 (9th Cir. 2007).  Rule 23(a) requires a plaintiff to demonstrate that the proposed class is sufficiently numerous, that it presents common issues of fact or law, that it will be led by one or more class representatives with claims typical of the class, and that the class representative will adequately represent the class.  *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 161 (1982); Fed. R. Civ. P. 23(a).  If a plaintiff satisfies the Rule 23(a) requirements, he must also show that the proposed class action meets one of the three requirements of Rule 23(b).  *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).

Plaintiff seeks certification under Rule 23(b)(3).  A class may be certified under this subdivision if: (1) common questions of law and fact predominate over questions affecting individual members, and (2) if a class action is superior to other means to adjudicate the controversy.  Fed. R. Civ. P. 23(b)(3).

The "predominance" and "superiority" prongs of Rule 23 work together to ensure that certifying a class "would achieve economies of time, effort, and expense,

ORDER-5

and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (internal citation and quotation omitted). A "central concern of the Rule 23(b)(3) predominance test is whether 'adjudication of common issues will help achieve judicial economy.'" *Vinole*, at 944 (quoting *Zinser*, 253 F.3d at 1189). Thus, the Court must determine whether resolution of common questions would resolve a "significant aspect" of the class members' claims such that there is "clear justification" for class treatment. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998) (citations omitted).

In considering Rule 23's requirements, the Court must engage in a "rigorous analysis," but a "rigorous analysis does not always result in a lengthy explanation or in depth review of the record." *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 961 (9th Cir. 2005) (citing *Falcon*, 457 U.S. at 161). The Court is neither permitted nor required to conduct a "preliminary inquiry into the merits" of the plaintiff's claims. *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974)); *see also* Fed. R. Civ. P. 23 advisory committee's note (2003) ("[A]n evaluation of the probable outcome on the merits is not properly part of the certification decision"); *but see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S.338, 351 (2011) (suggesting that Rule 23 analysis may be inextricable from some judgments on the merits in a particular case). The Court may assume the truth of a plaintiff's substantive allegations, but may require more than bare allegations to determine whether a plaintiff has satisfied the requirements of Rule 23. *See*, *e.g.*, *Blackie*, 524 F.2d at 901, n.17; *Clark v. Watchie*, 513 F.2d 994, 1000 (9th Cir. 1975) ("If the trial judge has made findings as to the provisions of the Rule and their application to the case, his determination of class status should be considered within his discretion.").

ORDER-6

## III. DISCUSSION

Plaintiff proposes that the Court certify the following class:

> All insured, as defined in the medical payments coverage portions of State Farm's policies, and all third-party beneficiaries of such coverage, under any State Farm insurance policy issued in the state of Washington with respect to whom State Farm terminated, or limited benefits, based upon its determination that its insured had reached "maximum medical improvement" or that such benefits were not "essential in achieving maximum medical improvement for the bodily injury."

Dkt. 5-1 (Complaint) at ¶ 4.2.[3]

### A. Rule 23(a)

### 1. Numerosity

Plaintiff's proposed class satisfies the numerosity requirement of Rule 23(a). There are six Reasons Codes that could have been used by claims specialists to deny claims based on MMI. Dkt. # 34 at p. 10. State Farm estimated that 3,285 of its 75,000 PIP claims involved at least one of these six Reason Codes. *Id.* In an early discovery exchange, State Farm produced a sampling of the 3,285 claims: fifty-eight claims were denied based on Reason Codes 536, 537, or 546 and two claims were denied based on Reason Codes 251, 358, or 431. Dkt. ## 28 at ¶ 2, 34 at pp. 10-11.

Plaintiff's claims handling expert, Stephen Strzelec, analyzed these sixty claim files to discern which claims were actually denied based on the MMI standard. *See* Dkt. # 28. Of the six Reason Codes, Mr. Strzelec found that Reason Codes 536, 537,

---

[3] In this Order, the Court certifies the class as described in the Complaint. However, the Court notes that Plaintiff did not define the time period of the class. This does not prevent the Court from granting certification at this time, but the Court urges the parties to address this issue as the case moves forward.

ORDER-7

and 546 were most relevant; of this subset, Mr. Strzelec discovered that fifty-two claims were denied based on the MMI standard. Dkt. # 28 at ¶¶ 11-12. Plaintiff's statistics expert extrapolated Mr. Strzelec's findings to the entire group of 3,285 claims involving the six Reason Codes. Dkt. # 31. Based on these calculations, the expert estimated that 2,276 to 3,146 claims were denied based on the MMI standard.[4] *Id*. at ¶¶ 3-4. The Court acknowledges that this is currently an estimated class size and not an exact accounting, but the Court also finds that the class size will be large enough to meet the numerosity requirement under Rule 23. As such, Plaintiff met his burden to show that joinder will be impracticable without merely speculating as to the potential class size. *See Mortimore v. F.D.I.C*., 197 F.R.D. 432, 435 (W.D. Wash. 2000) (finding that the plaintiff "need not show the exact number of potential members in order to satisfy this prerequisite" as long as he can show impracticability in joinder without merely speculating "as to the number of parties involved . . . .").

### 2. Commonality

Plaintiff satisfies the commonality requirement of Rule 23(a) because he alleges that State Farm engaged in the same conduct for each class member by denying claims based on the MMI standard. Specifically, the Court finds that there is a common question for all class members: is a denial based, even in part, on MMI a violation of WAC 284-30-395 such that State Farm has been engaging in unfair or illegal practices? *Parsons v. Ryan*, 754 F.3d 657, 675 (9th Cir. 2014) ("Plaintiffs need not show, however, that 'every question in the case, or even a preponderance of questions, is capable of class wide resolution. So long as there is 'even a single common question,' a would-be class can satisfy the commonality requirement of Rule 23(a)(2).") (internal quotations omitted). An answer to this common question will "drive the resolution of the litigation," and therefore Plaintiff meets his burden under

---

[4] There was an insufficient amount of claims analyzed based on Reason Code 536 and therefore the Court will not include those claims in this Order for class certification. Dkt. # 31 at ¶ 5.

ORDER-8

Rule 23(a)(2). *See id*. at 675 ("What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation.") (internal quotations omitted).

### 3. Typicality

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis v. Costco Wholesale Corp*., 657 F.3d 970, 984 (9th Cir. 2011) (internal quotations omitted). Plaintiff satisfies the typicality requirement because the course of conduct leading to his alleged injury—that State Farm denied coverage based on the MMI standard—is the same for all potential class members. That each claim will necessarily include a unique set of facts based upon individual bodily injuries does not negate the common nature of those claims. *Parsons*, 754 F.3d at 685 ("Thus, '[t]ypicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought.'").

State Farm argues that Plaintiff lacks standing and therefore his claims are not typical of the class. Dkt. # 34 at pp. 26-27. For support, State Farm alleges that Plaintiff settled his underinsured motorist (UIM) claims. Dkt. # 34 at p. 26. However, State Farm does not explain how a potential settlement of Plaintiff's UIM claims affects his PIP claims. Moreover, Plaintiff's lawsuit arises from denials of coverage based on the MMI standard; Plaintiff does not appear to be arguing for PIP benefits above his policy limits, but rather for benefits within his limits that he believes were wrongfully denied. Dkt. # 30, Ex. F at pp. 32-35.

Similarly, State Farm's argument that Plaintiff lacks a cognizable injury fails. Dkt. # 34 at p. 27. State Farm claims that Plaintiff received more massages than necessary for his "back sprain condition," and that his masseuse overcharged for her

ORDER-9

services. *Id.* According to State Farm, it overpaid Plaintiff's claims to a point that eclipses the current disputed amount. *Id.* State Farm misses the mark. It denied coverage for Plaintiff's massages because he had "reached maximum medical improvement." Dkt. # 30, Ex. F at pp. 32-35. State Farm did not deny these claims based on reasonableness, necessity, or relatedness per the WAC, but instead it used a standard that Plaintiff argues is outside the scope of the law. This conduct is typical of the claims asserted by the class.

### 4. Adequate Representation

Questions of a class representative's adequacy dovetail with questions of his counsel's adequacy. Fed. R. Civ. P. 23(g)(4) ("Class counsel must fairly and adequately represent the interests of the class."). To determine whether the adequacy requirement is met, courts may be guided by two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Ellis*, 657 F.3d at 985. The Court finds no evidence of conflicts between Plaintiff or his counsel and the other potential members of the class. The Court further finds that Plaintiff has and will continue to vigorously prosecute this matter on behalf of the class. Moreover, based on the record, the Court has no difficulty concluding that counsel has provided and will likely continue to provide adequate representation for the proposed class.

### B. Rule 23(b)(3)

### 1. Predominance

To meet the predominance requirement, common questions of law and fact must be "a significant aspect of the case . . . [that] can be resolved for all members of the class in a single adjudication." *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 589 (9th Cir. 2012) (quoting *Hanlon*, 150 F.3d at 1022). To make this determination, the Court must analyze each of Plaintiff's claims separately. *Erica P.*

ORDER-10

*John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011) ("Considering whether questions of law or fact common to the class members predominate begins, of course, with the elements of the underlying cause of action.").

Here, Plaintiff is pursuing four causes of action: (1) violation of the Washington Consumer Protection Act (CPA), (2) breach of contract, (3) tortious bad faith handling of insurance claims, and (4) violation of the Insurance Fair Conduct Act. Dkt. # 5-1 (Complaint) at ¶¶ 8.1-8.13. Central to each cause of action is whether State Farm's use of the MMI standard to deny claims is unreasonable or an "unfair or deceptive act or practice." *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986) (describing the elements of a CPA claim); *Fid. & Deposit Co. of Maryland v. Dally*, 201 P.3d 1040, 1044 (Wash. Ct. App. 2009) (describing elements of a claim for breach of contract); *Smith v. Safeco Ins. Co.*, 78 P.3d 1274, 1276 (Wash. 2003) (describing elements of a tort action for bad faith); RCW 48.30.015 (giving an insured a private right of action for "unreasonably denied" claims for coverage or payments of benefits). Therefore, the Court finds that the common issue described above will resolve most of the elements of the causes of action.

To calculate damages, however, it might be necessary to conduct an individualized review of each claim. Though this may be labor intensive, the parties will be able to calculate the damages based on the submitted records. Despite the possible individualized nature of damages calculations in this matter, the Court nevertheless finds that "[c]lasswide resolution of the common issues is superior to the filing of multiple and duplicative lawsuits and will result in the efficient and consistent resolution of overarching questions."[5] *Helde v. Knight Transp., Inc.*, No.

---

[5] The Court does not find that the individualized nature of damages hinders its ability to certify the class at this stage. However, the Court has grave concerns about managing the damages in this case moving forward as those damages are predicated on individual claims and the specific reasons for denial. The Court urges Plaintiff to address this manageability

ORDER-11

C12-0904RSL, 2013 WL 5588311, at *5 (W.D. Wash. Oct. 9, 2013); *see also Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975) ("The amount of damages is invariably an individual question and does not defeat class action treatment.").

### 2. Superiority

Finally, the Court considers whether the class is superior to individual suits. *Amchem*, 521 U.S. at 615. "A class action is the superior method for managing litigation if no realistic alternative exists." *Valentino v. Carter-Wallace, Inc*., 97 F.3d 1227, 1234-35 (9th Cir. 1996). This superiority inquiry requires a comparative evaluation of alternative mechanisms of dispute resolution. *Hanlon*, 150 F.3d at 1023. Rule 23(b)(3) provides a non-exhaustive list of factors relevant to the superiority analysis. Fed. R. Civ. P. 23(b)(3).

State Farm takes issue with the manageability of the class action and the forum. Dkt. # 34 at pp. 28-29, *see also* Fed. R. Civ. P. 23(b)(3)(C), (D). State Farm claims that there is "no manageable way to even *identify* putative class members." Dkt. # 34 at p. 29 (emphasis in original). However, State Farm has detailed records of each claim, the basis for denial, and to whom the claim belongs. Identification does not appear to be an issue for this class.

State Farm further argues that Plaintiff should have brought this action in arbitration or before the Washington Insurance Commissioner. Dkt. # 34 at p. 29. State Farm cites to RCW 7.06, *et seq*., for its argument that actions seeking less than $50,000 must be arbitrated. *Id*. But this class action is seeking nearly $8 million. Dkt. # 22 at p. 5. "Moreover, 'a comparative examination of alternatives underscores the wisdom of a class action in this instance.'" *Wiener v. Dannon Co*., 255 F.R.D. 658, 672 (C.D. Cal. 2009) (quoting *Hanlon*, 150 F.3d at 1023). If the class members were forced to bring individual claims for relatively small amounts of damages, then

---

issue in future filings. Plaintiff may wish to consider whether sub-classes on the basis of relief would aid in potential manageability issues.

ORDER-12

many members would most likely refrain after realizing "the disparity between their litigation costs and what they hope to recover." *Id*. (quoting *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc*., 244 F.3d 1152, 1163 (9th Cir. 2001)). Accordingly, the superiority requirement of Rule 23(b)(3) is satisfied.

## IV. CERTIFICATION TO STATE SUPREME COURT

The common question in this case may require the Court to define the terms "reasonable" or "necessary" as they appear in WAC 284-30-395. Additionally, the Court may be required to determine whether "maximum medical improvement" falls within the bounds of WAC 284-30-395. The Court requests briefing from the parties with regard to whether such questions should be certified to the Washington Supreme Court. RCW 2.60.030. **If the parties agree on a course of action, they may file a joint brief within ten (10) days from the date of this Order. If the parties do not agree, each party may file an opening brief within ten (10) days of the date of this Order; responsive briefs will be due five (5) days later. No replies will be considered. The briefs shall not exceed ten (10) pages.**

## V. CONCLUSION

For all the foregoing reasons, the Court **GRANTS** Plaintiff's motion to certify the class and appoint class counsel. Dkt. # 27. The Court **DENIES** State Farm's motion to strike. Dkt. # 34. The Court requests briefing from the parties **within ten (10) days from the date of this Order** regarding whether certain questions should be certified to the Washington Supreme Court.

Dated this 9th day of March, 2017.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER-13