1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10
11
12
13
14
15
16
17
18

BRETT DURANT, on behalf of
himself and all others similarly
situated,

          Plaintiff,

    v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

          Defendant.

CASE NO. C15-1710 RAJ

ORDER

19
20
21
22
23
24
25
26
27

    This matter comes before the Court on Defendant State Farm Mutual Automobile Insurance Company's ("State Farm" or "Defendant") motion for reconsideration (Dkt. # 53), motion to strike (Dkt. # 65), and Plaintiff's motion to certify a question to the Washington Supreme Court (Dkt. # 67). Having reviewed the parties' motions and the balance of the record, the Court finds oral argument unnecessary. For the reasons that follow, the Court **DENIES** both of State Farm's motions and **GRANTS** Plaintiff's motion.

# I.   BACKGROUND

Plaintiff seeks to bring a class action lawsuit against State Farm to halt State Farm's alleged practice of denying coverage for benefits based on a finding of "maximum medical improvement."  The Court granted class certification in this matter and sought input from the parties whether to certify relevant questions to the Washington Supreme Court or whether to seek guidance from the Office of the Insurance Commissioner (OIC).  Dkt. ## 50, 55.  The parties filed a joint response stating that "both Plaintiff and State Farm believe that the Court should not certify these questions to the Washington Supreme Court."  Dkt. # 51.  However, the parties have since disagreed about whether the Court should seek guidance from the OIC.  *See, e.g.*, Dkt. ## 60, 63, 67, 70, 72, 74.

State Farm seeks reconsideration of the Court's Order granting class certification. Dkt. # 53.  Both parties ask the Court to strike their adversaries' briefs.  Dkt. ## 63, 65. Finally, Plaintiff states that he has changed his position regarding whether this Court should certify questions to the Washington Supreme Court; he now moves the Court to certify those questions.  Dkt. # 67.

# II.   ANALYSIS

## A.  Motion for Reconsideration

Pursuant to Local Rule 7(h), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier through reasonable diligence.  Local Rules W.D. Wash. LCR 7(h)(1).  Defendant does not meet this standard.  Defendant's motion reargues its position that the Court should not certify the class—a position the Court rejected.  Parties cannot use motions for reconsideration to simply obtain a second bite at the apple, and this is what Defendant

appears to be doing with its motion.  For these reasons, the Court **DENIES** the motion. Dkt. # 53.

Defendant contends that the parties agreed to narrow the language of the proposed class definition.  Dkt. ## 53 at 2, 54 at ¶ 3.  Plaintiff does not address this apparent agreement.  The Court directs the parties to file a stipulation with the Court containing the agreed upon language for a narrower class definition to replace the language from the Court's prior order.  The parties must do so within forty-five (45) days of the date of this Order.

B.  Motions to Strike

On April 7, 2017, pursuant to Local Rule 7(g), Plaintiff notified the Court he would file a Surreply.  Dkt. # 62.  In his Surreply, Plaintiff moves the Court to strike Defendant's "overlength" reply brief and responds to "new issues" raised by Defendant in its Reply.  Dkt. # 63.  Plaintiff cites Local Rule 7(e) for his argument that Defendant exceeded the page limit on its Reply to the Motion for Reconsideration.  Dkt. # 63 at 2. However, Local Rule 7(e) does not prescribe a page limit for reply briefs to motions for reconsideration.  The Court did not limit Defendant's Reply.  Dkt. # 55.  For this reason, the Court **DENIES** Plaintiff's motion to strike due to length.

On April 11, 2017, Defendant filed its own motion to strike, requesting that the Court strike Plaintiff's Surreply.  Dkt. # 65.  Defendant argues that it did not violate the Court's page limit rules and responds to Plaintiff's arguments regarding "new issues." *Id.*  This motion reads as a response to Plaintiff's Surreply; Defendant fails to present a basis for striking the Surreply.  Plaintiff's Surreply satisfies the requirements under the Local Rules, and the Court finds no reason to strike that pleading.  For these reasons, the Court **DENIES** Defendant's motion to strike.

C. <u>Motion to Certify Questions to the Washington Supreme Court</u>

Whether to certify a question to the state supreme court is within the sound discretion of the federal court. *See Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008). Where state law is unsettled, and the answers to the Court's questions are dispositive of the issues, certification to the state supreme court is appropriate. *Amaker v. King County*, 540 F.3d 1012, 1013 (9th Cir. 2008); RCW 2.60.020. Certification is appropriate in this case where the state issues are unsettled and a determination would dispose of nearly all the claims. The Court finds certification to the Washington Supreme Court especially compelling because the OIC has already presented potentially competing legal theories on the issue. Dkt. # 74-1. Moreover, both parties agree that guidance from the OIC will not be binding on this Court, and input of the Washington Supreme Court "will ensure that this case proceeds to judgment (and through any appeal) on a firm legal footing." *Allen v. Dameron*, No. C14-1263RSL, 2016 WL 4772484, at *2 (W.D. Wash. Apr. 22, 2016); *see also* Dkt. ## 67, 70. The Court also finds that certifying the questions in this matter to the Washington Supreme Court will "save time, energy, and resources and help[ ] build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974).

For the foregoing reasons, the Court certifies the following questions to the Washington Supreme Court:

1. Does an insurer violate WAC 284-30-395(1)(a) or (b) if that insurer denies, limits, or terminates an insured's medical or hospital benefits claim based on a finding of "maximum medical improvement"?

2. Is the term "maximum medical improvement" consistent with the definition of "reasonable" or "necessary" as those terms appear in WAC 284-30-395(1)?

The Clerk of Court is directed to submit to the Washington Supreme Court certified copies of this Order, a copy of the docket in the above-captioned matter, and

Dkt. ## 1, 4, 5, 7, 27-32, 34-44, 46, 50, 51, 67, 68, and 70-74.  The record so compiled contains all matters in the pending cause deemed material for consideration of the state law questions certified for answer.

The plaintiff in this action is designated as the appellant before the Washington Supreme Court.  The Clerk of Court shall notify the parties as soon as possible, but no more than three days, after the above-described record is filed with the Washington Supreme Court.

## III.    CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's motion for reconsideration and motion to strike.  Dkt. ## 53, 65.  The Court **INSTRUCTS** the parties to file a stipulation within forty-five (45) days of the date of this Order containing the agreed upon narrower language for the class definition.  The Court **GRANTS** Plaintiff's motion to certify questions to the Washington Supreme Court.  Dkt. # 67.  The Clerk of Court is **DIRECTED** to certify the questions as described above.

Dated this 10th day of July, 2017.

The Honorable Richard A. Jones
United States District Judge