Honorable Richard A. Jones

IN THE FEDERAL DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

BRETT DURANT, On Behalf of Himself and all other similarly situated,

Plaintiffs,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign automobile insurance company,

Defendant.

**CLASS ACTION**

NO. 2-15-CV-01710-RAJ

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT**

**Note on Motion Calendar:**
**June 10, 2019 at 1:30 p.m.**

## I. RELEIF REQUESTED

Plaintiff respectfully requests this Court grant final approval of the Settlement in this case. Since this Court granted Preliminary Approval [Dkt. 110], settlement administrator Rust Consulting has fully and successfully implemented the approved notice program, providing direct notice of the Settlement terms to approximately 94% of the Settlement Class. That Settlement establishes a common fund of $18,500,000.00, out of which each Class Member shall receive payment of at least 100% of their qualifying denied PIP claims. The settlement as proposed is fair, adequate, and reasonable, and provides substantial monetary relief for the Settlement Class. No class members or governmental entities have

MOTION FOR FINAL CLASS APPROVAL
Page - 1

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 947-4646

filed objections to the settlement; and only seven out of 4095 Class Members have requested exclusion.

Plaintiff respectfully requests this Court (1) approve the proposed Settlement as fair, adequate, and reasonable; (2) determine that adequate notice was provided to the Settlement Class; (3) approve Class Counsel's requested attorneys' fees and costs as set forth separately in that motion; (4) approve notice and claims administration expenses in the amount of $46,970; (5) grant final class certification to the Settlement Class; and (6) approve a $10,000 service award for the class representative, Brett Durant.

## II.   FACTS

On February 5, 2019, this Court entered its Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement. [Dkt.110.] Since this Court's order, the parties have completed a comprehensive and targeted notice program pursuant to the Court's Preliminary Approval Order.

Also consistent with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, Rust Consulting provided notice of the Settlement to the U.S. Attorney General, the Chairman of the Federal Reserve, and the attorneys' general of all states and territories of the United States. Decl. of J. Stinehart at pg. 2 (Dkt. 120 - dated 10/28/18). No CAFA notice recipient responded or objected. Decl. of J. Stinehart dated 5/24/2019 at pg. 4.

Class Counsel and Defendant State Farm, through its Counsel, provided Rust Consulting (hereinafter "Rust") with the names, and addresses of the Class Members. Rust updated addresses for Settlement Class Members using the National Change of Address database. Rust then mailed the Court-ordered notices to 4,095 Class Members. Thereafter,

MOTION FOR FINAL CLASS APPROVAL
Page - 2

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

778 notices were initially returned as undeliverable. Stinehart Decl. (5/24/2019) at pg. 3. Investigation was performed by Rust on all undelivered notices. Traces revealed addresses for 618 Class Members and Rust re-mailed notices to them. Class Counsel performed an investigation into the Class Members that traces did not reveal an address. Seventy-eight (78) additional Class Members were located and notice was sent after an updated spreadsheet was sent to Rust. Stinehart Declaration dated 5/24/19 at pg 3. To date, only 157 Class Members did not receive notice by mail or 3.8%. Stinehart 5/24/2019 Decl at pg. 3.

Rust also established a toll-free telephone number that utilized an interactive voice response system. Class Members could and did leave voicemails with questions. Stinehart 5/24 Dec. at 3. Class Counsel then responded to any voicemails and spoke voice to voice with each class member that called. Approximately 54 Settlement Class Members called this toll-free service. Class Counsel also received direct phone calls from class members and responded to those questions as well. Firkins Decl. dated 5/23 at pg. 2.

Class Counsel also created and maintains a website providing Settlement Class Members with answers to frequently asked questions (FAQ), access to settlement documents and key pleadings. The website also has a contact portal, which has been used by Class Members and which was responded to in every instance by Class Counsel. Firkins Decl. dated 5/23 at pgs. 2-3.

Class Counsel filed their Motion for an Award of Fees, Costs, Administrative Expenses and a Service Award on April 5, 2019. [Dkt. 113.] The Motion and supporting documents were uploaded to the website.

MOTION FOR FINAL CLASS APPROVAL
Page - 3

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 947-4646

On May 5, 2019 the opt out (exclusion) date expired.  There were a total of seven (7) valid exclusions.  On May 5, 2019, the objection deadlines expired. There were no valid objections filed.[1] Stinehart 5/24/19 Decl. at pg. 4.

### III. ARGUMENT AND AUTHORITY

The approval process for a class action settlement takes place in three stages: preliminary approval, notice, and final approval. *See Churchill Village, L.L.C. v. Gen. Elec.,* 361 F.3d 566 (9th Cir. 2004). On February 5, 2019, this Court granted Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement. [Dkt. 110.]  Rust timely and successfully completed the Court-approved notice plan. Now, the Court must determine whether, in light of all the information learned during the first two stages, final approval is warranted. *Churchill Village, LLC,* 361 F.3d 566. Under Federal Rule 23, this Court should approve the proposed settlement only if it is "fair, reasonable, and adequate after considering whether:

>   (A) the class representatives and class counsel have adequately represented the class;
>   (B) the proposal was negotiated at arm's length;
>   (C) the relief provided for the class is adequate, taking into account:
>   (i) the costs, risks, and delay of trial and appeal;
>   (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>   (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>   (iv) any agreement required to be identified under Rule 23(e)(3); and
>   (D) the proposal treats class members equitably relative to each other.

FRCP 23(e).  These factors are substantially similar to those adopted by the Ninth Circuit. *See In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d 935, 946-47 (9th Cir. 2011) ("[C]ourts

---

[1] There was a handwritten objection that was mailed to Class Counsel and Defense Counsel but was not filed pursuant to this Court's clear requirements.  Firkins Decl. Ex. A.

MOTION FOR FINAL CLASS APPROVAL
Page - 4

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

generally must weigh (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement."); *see also Staton v. Boeing Co.,* 327 F.3d 938, 974 (9th Cir. 2003); *In re Mego Fin. C01p. Sec. Litig.,* 213 F.3d 454, 458 (9th Cir. 2000). The proposed settlement satisfies all four enumerated factors.

### A. Plaintiff and Class Counsel have adequately represented the class, obtaining a substantial settlement to which no class member or governmental entities have objected.

Both Plaintiff Brett Durant, and Class Counsel have adequately represented the class in this case. The Plaintiff has adequately represented all Class Members in this action and remained an active participant throughout this litigation. He assisted Class Counsel in investigating claims on an individual basis, preparing relevant declarations, and remaining apprised of the litigation. Mr. Durant's efforts, including the risks he took and the time he expended supporting the litigation, were crucial to achieving the exceptional result for the Settlement Class. Plaintiff therefore requests a service award of $10,000. Mr. Durant's request is reasonable and does not undermine his adequacy as a class representative. *See Radcliffe v. Experian Info. Solutions,* 715 F.3d 1157, 1164 (9th Cir. 2013). It is appropriate and in line with similar awards approved by this Court. *See e.g. Martinez v. Auvil Fruit Company, Inc.,* No. 2:16-cv-356RMP, at p. 8 (E.D. Wash. Oct. 10, 2018) (awarding $10,000 incentive fee each to two named plaintiffs).

MOTION FOR FINAL CLASS APPROVAL
Page - 5

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 947-4646

Class Counsel has also fully and adequately represented all members of the Settlement Class. Class Counsel vigorously litigated this case including extensive pre-certification discovery, and ultimately successfully litigating the two central certified questions before the Washington State Supreme Court. *Durant v. State Farm*, 419 P.3d 400 (Wash. 2018). In fact, the Supreme Court decision represents a landmark decision in PIP litigation in Washington state Class Counsel then skillfully negotiated a substantial settlement on behalf of 4,095 Washington consumers. The fact that the settlement in this case provides for over 100% of the denied PIP claims after the proposed attorney fee award demonstrates that Class Counsel vigorously and zealously represented the Class. It is Class Counsel's informed opinion that this settlement is not merely adequate, but exceptional. *See Pelletz v. Weyerhaeuser Co.,* 255 F.R.D. 537, 543 (W.D. Wash. 2009) (where Plaintiffs attorneys are qualified and well informed, their opinion regarding settlement is entitled to significant weight.). The first factor weighs in favor of final approval.

**B. The proposed settlement is the product of informed, arms-length negotiations after extensive discovery.**

The Settlement Agreement was negotiated by the parties at arms-length, over the course of a full-day mediation in front of a nationally renowned mediator. Prior to the mediation however, Class Counsel conducted a number of pre-certification discovery depositions after examining thousands of pages of discovery including 60 redacted claims files. Class Counsel retained skilled and respected experts to assist in the comprehensive certification process. Class Counsel also successfully defended multiple motions by two large and skilled law firms that defended State Farm. Finally, Class Counsel were able to

MOTION FOR FINAL CLASS APPROVAL
Page - 6

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 947-4646

prevail before the Washington State Supreme Court on an issue of first impression regarding the central legal issue in the case.

Finally, through discovery and by working with the Plaintiff's retained experts, Class Counsel was able to calculate damages, and design class structures that supported the theory of the case, and continued certification of the litigation. This damage structure developed by Class Counsel ultimately allowed the parties to reach the settlement in the case. Class Counsel was also able to achieve a settlement structure that ensured the highest level of participation of class members, as well as compensation levels over 100% of the denied claims as defined in the certification order.

In short, Plaintiff and Class Counsel expended significant effort and had (and took) every opportunity to make an informed decision about the strength of the Settlement Class's claims. *See Dunleavy v. Nadler*, 213 F.3d 454, 459 (9th Cir. 2000) (whether the Plaintiff had enough information to make an informed decision about the strength of their respective cases is a factor in assessing the reasonableness of a proposed class settlement). The second factor weighs in favor of final approval.

The settlement negotiations were protracted and only took place after class certification had occurred, and only after the Plaintiff had prevailed in the Washington State Supreme Court. It is clear that there was no collusion and that the negotiation happened at arm's length.

C. **The proposed settlement provides exceptional relief for the Class.**

When determining if the relief provided is adequate, Rule 23 instructs this Court to take into account "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing

MOTION FOR FINAL CLASS APPROVAL
Page - 7

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 947-4646

class-member claims; (iii) the terms of any proposed award of attorneys ' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." All four of these sub-factors merit final approval.

### 1. Continued litigation would be risky, complex, lengthy, and expensive.

At the time of settlement in this case, there was a great deal of litigation that remained to be performed. Continuing to litigate rather than settle the claims creates unnecessary risk to the class. It is very likely that the Defendant would have mounted multiple motions for summary judgment regarding certain affirmative defenses, and also would have sought to decertify the class based on both the affirmative defenses and the ability of the Plaintiff to structure the classes. In the absence of this settlement the Plaintiff is faced with substantial risks. It is anticipated that the Defendant would make a great number of arguments including continued arguments to decertify the class based on the District Court's "grave concerns" with manageability. [Order Granting Class Cert. at11 n.5, Dkt. 50]. State Farm will also argue numerous legal and substantive issues. As an example, State Farm will contend that two recent Western District of Washington undermine the strength of Plaintiff's claims. *T-Mobile USA Inc. v. Selective Ins. Co. of America*, 2017 U.S. Dist. LEXIS 99857 (W.D. Wash. June 27, 2017) (Robart, J.); *T-Mobile USA Inc. v. Selective Ins. Co. of America*, 2017 U.S. Dist. LEXIS 174501 (W.D. Wash. Oct. 19, 2017) (Robart, J.).

In *T-Mobile*, the insurer initially denied coverage based on a policy exclusion, then later argued that coverage did not exist because T-Mobile USA did not qualify as an insured under the policy. T-Mobile USA argued that it was entitled to summary judgment because the insurer was estopped from relying on a new basis to deny coverage. In responding to this argument, the

MOTION FOR FINAL CLASS APPROVAL
Page - 8

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 947-4646

court first held that Washington follows the "mend the hold" doctrine, i.e. an insurer may not raise a new defense to coverage after the litigation has begun. 2017 U.S. Dist. LEXIS 99857 at *19-20. However, the *T-Mobile* court went on to explain that T-Mobile USA still "has the burden of proving it is entitled to coverage and is an insured under the relevant policy." *Id.* at *21. The court continued: "Because a party must be entitled to coverage under an insurance policy's language, courts decline to employ the estoppel doctrine where the doctrine will expand coverage. Id. at *17. For this reason, T-Mobile USA cannot invoke the estoppel doctrine to prevent inquiry into whether it is an insured under the Policy and entitled to coverage. Id. *19. Moreover, even if the estoppel doctrine applied to this argument, T-Mobile USA fails to demonstrate prejudice . . . ." *Id.* at *21-22. The court went on to affirm its finding that the "mend the hold" doctrine did not excuse T-Mobile USA from meeting its initial burden of demonstrating that it was entitled to coverage under the insuring agreement. *Id.* at *12.

State Farm will argue that because Washington does not recognize "coverage by estoppel" in the first party context, or excuse an insured's initial burden of demonstrating coverage, a class member cannot meet their burden by simply relying on a finding that MMI does not comport with the WAC. Instead, State Farm will argue that each claimant must show that their unpaid treatment qualified as "reasonable medical expenses" under the policy's PIP coverage, including that it was "related" to the accident, "reasonable" and otherwise necessary. *Coventry*, 136 Wn.2d at 281; *Halvorson,* 718 F.3d at 779 (denying certification based on the need for the same individualized inquiry). That, in turn, requires an evidentiary showing beyond the medical bills themselves. *Patterson v. Horton*, 84 Wn. App. 531, 543 (1997).

MOTION FOR FINAL CLASS APPROVAL
Page - 9

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 947-4646

While the Plaintiff has arguments he believes will defeat these contentions, these arguments create risk for the Class in sustaining the matter as a class action, and prevailing on the class damages theory.

State Farm also claims it has the due process right to litigate its affirmative defenses, including settlement and release. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2561 (2011). At least two of the Sample Claims involved written releases of State Farm, which Defendant will contend extend to all claims alleged in this case. [Dkt. 39, ¶ 18.] Sixteen others involved insureds who settled with the third-party tortfeasor. [Dkt. 39, ¶ 14.] Under Washington law, a PIP claimant that receives full compensation through settlement with the tortfeasor is barred from recovering further PIP benefits under their contract. *Reichl v. State Farm Mut. Auto. Ins. Co.*, 75 Wn.App. 452, 457-458 (1994). State Farm will argue that application of these and other affirmative defenses cannot be resolved on a class-wide basis.

State Farm will also argue against the individual claims. As an example, State Farm will contend that Plaintiff cannot establish the essential elements of his CPA claim. The CPA requires a plaintiff to satisfy five elements: (1) an unfair or deceptive act or practice, (2) occurring within trade or business, (3) affecting the public interest, (4) injuring the plaintiff's business or property, and (5) a causal relation between the deceptive act and the resulting injury. *Hangman Ridge Training Stables v. Safeco Title Ins. C*o., 105 Wn.2d 778, 784 (1986). A violation of certain statutes alone is sufficient to satisfy the first two elements as a "per se" violation of the CPA. *Id*. at 785. However, even under a per se theory, the last three elements must be established independently. *Id*.; *Daly v. Unitrin, Inc*., 2008 U.S. Dist. LEXIS 46112 (E.D. Wash. June 11, 2008).

MOTION FOR FINAL CLASS APPROVAL
Page - 10

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 947-4646

State Farm argues that the fourth element cannot be satisfied, because unpaid medical bills do not amount to "injury to business or property." In *Ambach v. French*, 167 Wn.2d 167 (2009), the Washington Supreme Court held that the CPA's "injury to business or property" language "is restrictive," and did not encompass medical bills incurred as a result of personal injury. *Id.* at 172, 169. In addition, *Ambach* made clear that "payment for medical treatment . . . does not transform medical expenses into business or property harm." *Id.* at 175. Relying on *Ambach*, numerous District Court decisions in Washington have recently held that claims against an auto insurer for wrongfully denied medical bills do not satisfy the "injury to business or property" requirement under the CPA. *Dees v. Allstate*, 933 F.Supp.2d 1299, 1310 (W.D. Wash. 2013) (Robart, J.) (granting summary judgment to insurer on CPA claim in case alleging that insurer wrongfully failed to pay medical bills under PIP and UIM coverage, reasoning that "under the CPA, Ms. Dees cannot prove an injury to her business or property by solely alleging that Allstate should have paid her medical bills, because those injuries are derivative of her personal injuries.

While again the Plaintiff has substantial arguments pertaining to these contentions by State Farm, such class-wide defenses represent risk to the class, and represent uncertainty as to the fact of recovery, and when a recovery might happen. The substantial settlement payments represent more than the total losses of the class members as ascertained by the updated spreadsheets, and statistical analysis.

State Farm will also argue that the Plaintiff cannot recover under IFCA. IFCA requires an insured to show that they were "unreasonably denied a claim for coverage or payment of benefits." RCW 48.30.015. State Farm argues that any MMI non-payment was consistent with

MOTION FOR FINAL CLASS APPROVAL
Page - 11

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 947-4646

the terms of State Farm's policy that the OIC had not only approved *but required*. Plaintiff argues that State Farm acted unreasonably because, in July 2015, a Rates & Forms employee at the OIC sent State Farm a letter stating his belief that the MMI language violated WAC 284-30-395. Even if Plaintiff succeeds on that theory, which State Farm disputes, it could only support unreasonableness *after* July 2015. Most MMI non-payments in the relevant time period occurred before that date.

In addition, before a claimant can file an IFCA lawsuit, RCW 48.30.015(8) requires that the claimant serve the insurer with notice of the claim and give 20 days for the insurer to correct its position. State Farm will argue that each class member must prove that it complied with subsection (8) or that IFCA claim is barred.

Again, while the Plaintiff has substantial arguments on these issues, State Farm's defenses represent substantial risk to the Class. There are still more arguments that State Farm will make in this case. These contentions create risk. Beyond simply risk, litigating all of these matters will take substantial time and court resources. For instance, this case has already involved appeals to the U.S. Court of Appeals for the Ninth Circuit and a decision by the Washington State Supreme Court. Resolution of the above legal issues will no doubt also involve appeals, which can take years to resolve.

Taking into account the risks of surviving summary judgment motions and in proving liability and damages at trial, the proposed $18.5 million settlement is an excellent result for the Class. The Ninth Circuit has pointed out that the very essence of settlement is compromise and that a settlement can be acceptable even though it may amount to only a fraction of the potential recovery. *Linney*, 151 F.3d at 1242. The proposed settlement in this case is not a

MOTION FOR FINAL CLASS APPROVAL
Page - 12

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 947-4646

fraction of the potential recovery: it has a median payout of 130%, which is significantly above the average recovery in class action settlements. See Declaration of Paul Sampson. Thus, the proposed settlement meets the standards for final approval.

### 2. **The proposed settlement utilizes effective and constitutionally sound methods to notify and distribute relief to the class.**

The Court has already determined that the notice program in this case satisfies due process. [Dkt. 110.] Rust and Class Counsel fully implemented the notice program, providing over 96% of the Settlement Class Members with direct mailed notice- well within the range endorsed by the Federal Judicial Center. MANAGING CLASS ACTION LITIGATION: A POCKET GUIDE FOR JUDGES, p. 27 (3d ed. 2010) (the norm is in the 70-95% range). Class Counsel continues to maintain the settlement website and still responds to questions from various Class Members and people asking if they are class members.

The notice program was fully implemented and provided the best notice practicable to the Settlement Class Members. Further, the proposed distribution process is both simple and efficient. The award for each Class Member is calculated pursuant to mathematical formula created by the Plaintiff's statistical expert and previously approved by this Court. Class Counsel has run projected payouts using a program created by Dr. Sampson, the statistical expert, and the results have yielded a median payout of 130% of the claims denied even after all attorneys' fees and expenses have been taken out. Sampson Declaration.

There have been only seven (7) Class Members who have opted out, and no valid objections. There was only one invalid objection that was not filed with the Court as required. The objection was without merit in any event. The invalid objector speculates

MOTION FOR FINAL CLASS APPROVAL
Page - 13

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 947-4646

that "much more will be discovered that will justify raising the 13.76 million, which is approximately the remaining for the class members." However, since State Farm maintains a searchable database of its PIP claims, the Plaintiff was able to obtain a full and complete accounting to the penny of every single payment denial that fits within the class definition, i.e., that was made under reason codes SF 546, SF 536 or SF 537 during the time period covered by the applicable statutes of limitations. While discovery on other subjects might tend to bolster the Plaintiff's arguments for liability, it will not increase the valuation of the economic damages. The Objector's contention is therefore misplaced. What is more, the Plaintiff has conducted extensive discovery and believes that the record is fully developed.

If the Court enters an order approving the settlement, Class Members will be paid quickly pursuant to the Settlement Agreement. There will be no reversion of any funds because the Class Members are simply dividing ratably the remaining balance of the common fund after an award of fees, costs, administrative expenses and a service award. Thus, Class Members will be quickly and efficiently paid.

### 3. The proposed settlement is reasonable in light of the requested attorneys' fees and the timing of their distribution.

As detailed in Plaintiff's Motion for Attorneys' Fees and Service Award, Class Counsel's requested attorneys' fees are reasonable. [Dkt. 113.] Class Counsel requests a standard benchmark award of 25% or ($4,625,000). *In re Bluetooth,* 654 F.3d at 942-43. Pursuant to the Settlement Agreement, Class Counsel will not receive any payment until Settlement Class Member awards are distributed. A lodestar cross check confirms the reasonableness of Class Counsel's request. These fees and costs were incurred at great risk to Counsel as this was a matter of first impression. The fees reflect the remarkable result

MOTION FOR FINAL CLASS APPROVAL
Page - 14

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 947-4646

Class Counsel was able to achieve to benefit not only the class but other Washington consumers as well. Class Counsel's fee request is reasonable and should be approved. *Cf Steiner v. Am. Broad. Co.;* 248 Fed. Appx. 780, 783 (9th Cir. 2007) (upholding 25% fee award yielding multiplier of 6.85, finding that it "falls well within the range of multipliers that courts have allowed"); *Craft* v. *Cnty. of San Bernardino*, 624 F. Supp. 2d 1113, 1125 (C.D. Cal. 2008) (approving 25% fee award yielding a multiplier of 5.2 and stating that "there is ample authority for such awards resulting in multipliers in this range or higher.").

### 4. The Settlement Agreement provides substantial relief to all Eligible Settlement Class Members.

The fourth subfactor likewise demonstrates the exceptional relief Plaintiff and his Counsel obtained for the Settlement Class. If this Court approves the Settlement, the settlement agreement provides that State Farm will pay $18,500,000.00 into a non-reversionary common fund. The fund will be distributed to Class Members after deducting (1) class representative service awards in the requested amount of $10,000 as approved by the Court, (2) attorneys' fees and costs in the requested amount of $4,625,000.00 (fees) and $48,239 (costs) as approved by the Court, and (3) notice and claims administration costs as approved by the Court in the amount of $46,970. If the Court approves the service award, fees, costs, and expenses requested, $13,769,791 will be distributed to Settlement Class Members. This will yield a median recovery of 130% after all of the above deductions. The Settlement Class Members stand to receive significant payments. The Agreement merits approval.

### 5. The proposed settlement treats all class members equitably.

The fourth and final factor likewise supports final approval. As discussed above, the

MOTION FOR FINAL CLASS APPROVAL
Page - 15

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 947-4646

total distribution to each Eligible Settlement Class Member is a function of the Eligible Settlement Class Member's individual experience. Each damage award is calculated based on (1) the actual medical bills that were denied under the three reason codes, together with (2) a calculation of interest based on when the claims were denied. Thus, Class Members who had their claims denied years earlier will receive the benefit of some interest amounts based on the dates of denial. This ensures fairness as against Class Members whose claims were only more recently denied. The Class Members are nonetheless treated equally; that is, they each receive a pro rata amount based on the amounts remaining after all class members have received payment for all unpaid claims for the three denial codes.

Further, despite timely and proper CAFA notice, no government entity has objected or sought to intervene. That only one class member and no government entity has objected favors approval and only further demonstrates the equity of the proposed settlement. *Garner v. State Farm Mutual Automobile Insurance Co.*, Case No. CV 08 1365 CW, at *3 (N.D. Cal. Apr. 22, 2010) ("a single objection out of a sizeable class, after notice, further demonstrates the reasonableness and fairness of Class Counsels' request").

### IV.   CONCLUSION

For the above reasons, Plaintiffs respectfully request that the Court grant its Motion in its entirety.

DATED this 24th day of May, 2019.

VAN SICLEN, STOCKS & FIRKINS

/s/ Tyler K. Firkins
Tyler K. Firkins, WSBA#20964
Class Counsel

MOTION FOR FINAL CLASS APPROVAL
Page - 16

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 947-4646