1

2

3

4

5

6

7

The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

14

BRETT DURANT, On Behalf of Himself and all other similarly situated,

Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign automobile insurance company,

Defendant.

No.: 2-15-CV-01710-RAJ

**CLASS ACTION**
**ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT AND FINAL JUDGMENT**
**[PROPOSED]**

15

16

17

18

19

20

        This matter having come before the Court on Plaintiff's Unopposed Motion for Attorney Fees and Costs and Incentive Award and Plaintiff's Unopposed Motion for Final Approval of Settlement ("Settlement) of the above captioned matter (the "Litigation") between Plaintiff Brett Durant ("Plaintiff" or "Durant") and Defendant State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm"); and the Court having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

21

22

23

24

        1.      All terms and phrases in this Final Judgment not otherwise defined herein shall have the same meaning as ascribed to them in the Parties' Settlement Agreement and Release (Ex. A, Firkins Decl., Dkt. #106) (the "Settlement Agreement").

25

26

27

        2.      This Court has personal jurisdiction over the Parties and all members of the Settlement Class and subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto.

28

SMRH:4828-2468-2135.1

-1-

3.      The Court adopts the class definition agreed upon for the purposes of the proposed settlement, and confirms certification, for purposes of settlement only, of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3), defined as "all State Farm insureds in the state of Washington who, from April 19, 2008 to June 15, 2018, had a Personal Injury Protection (PIP) claim for medical or hospital benefits denied, terminated or limited by State Farm Mutual Automobile Insurance Company (State Farm) on the grounds that they had reached Maximum Medical Improvement, using an Explanation of Review form referencing Reason Codes SF546, SF 536 or SF537. " (*See* Preliminary Approval Order Dkt. # 110, ¶ 2).

4.      The Court finds that the Notice provided to the Settlement Class pursuant to the Settlement Agreement and the Preliminary Approval Order (Dkt. #110) and consisting of first-class U.S. mail sent directly to members of the Settlement Class, and a settlement website, together with toll free telephone line has been successful and was (1) the best notice practicable under the circumstances, (2) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and their rights to object to and/or exclude themselves from the Settlement Agreement and to appear at the Final Approval Hearing; (3) was reasonable and constituted due, adequate, and sufficient notice to all individuals entitled to receive notice; and (4) fulfilled all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the rules of the Court.

5.      No member of the Settlement Class validly objected to any of the terms of the Settlement Agreement.  The following seven members of the Settlement Class timely requested exclusion from the Settlement: Christie Benevich; Karen Curtis; Michele Johnson; Matthew Klein; Richard Milestone; Tamera Walters; and Eric Willacker (the "Opt Outs"). These individuals are hereby excluded from any and all terms of the Settlement Agreement.  Pursuant to Federal Rule of Civil Procedure 23(c)(3), all members of the Settlement Class, other than the Opt Outs,  are bound

SMRH:4828-2468-2135.1

-2-

by this Final Judgment and by the terms of the Settlement Agreement. This Court gives final approval to the Settlement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the members of the Settlement Class. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to the members of the Settlement Class is reasonable, and in their best interests, considering the total value of their claims compared to the disputed factual and legal circumstances of the Litigation, and the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case and the fact that the Settlement is the result of arms' length negotiations between the Parties support this finding. The Court finds that these facts, combined with the lack of other indicators of collusion and the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). This finding is also supported by, among other things, the fact that the Settlement provides monetary benefits to the Settlement Class that are not disproportionate to the attorneys' fees and expenses awarded to Class Counsel or the Class Representative; and the benefits provided to the Settlement Class are appropriate under the circumstances of this case. The Court has specifically considered the factors relevant to class settlement approval including, *inter alia*, the strength of the Plaintiff's case; the risk, expense, complexity and likely duration of further litigation; the risk of not maintaining class action status throughout trial; the relief provided for in the settlement; the extent of discovery completed and stage of the proceedings; the experience and views of counsel; and the reaction of members of the Settlement Class to the proposed Settlement (including the claims submitted and lack of any opt-outs or objections)—and upon consideration of such factors finds that the Settlement is fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class.

6.      The Court finds that the Class Representative and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement.

7.      Accordingly, the Settlement is hereby finally approved in all respects, and the Parties and their counsel are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

8.      This Court hereby dismisses the Litigation, as identified in the Settlement Agreement, on the merits and with prejudice.

9.      Upon entry of this Final Judgment, Plaintiff, the members of the Settlement Class, and each of their respective heirs, assigns, successors, agents, attorneys, executors and representatives (the "Releasing Parties") shall be deemed to have, and by operation of the Final Judgment, shall have, fully, finally, and irrevocably released State Farm and all of its past or present directors, officers, employees, agents, insurers, shareholders, members, attorneys, advisors, consultants, representatives, partners, affiliates, related companies, parents, subsidiaries (whether or not wholly owned), predecessors, successors, and assigns (collectively, the "Released Parties"), from any and all liabilities, claims, causes of action, damages (whether actual, compensatory, statutory, punitive of any other type), penalties, costs, attorneys' fees, losses or demands, whether known or unknown, existing or suspected or unsuspected, that were or could have been asserted against State Farm based on the factual allegations contained in the Complaint filed in the Action, or that relate to or arise out of State Farm's denial, termination, or limitation of Personal Injury Protection (PIP) medical or hospital benefits based on Maximum Medical Improvement (MMI).

10.      Upon the entry of this Final Judgment, the above releases of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect in, all pending and

SMRH:4828-2468-2135.1                                        -4-

1  future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other members

2  of the Settlement Class and Releasing Parties.

3     11.    The Court adjudges that the payment of $4,625,000.00 in attorneys' fees and litigation

4  expenses in the amount of $48,239.00 (the "Fee Award") is fair and reasonable for the following

5

6  reasons and those stated in Court. In assessing the requested attorneys' fees, the Court has considered

7  the relief achieved for the Settlement Class, the time and effort devoted by Class Counsel as

8  demonstrated by their sworn declaration, and the complexity of the legal and factual issues involved.

9  The Court finds that the Fee Award to Class Counsel identified above is fair and reasonable under

10  both a common fund approach and a lodestar approach. *See Vizcaino v. Microsoft Corp.*, 290 F.3d

11  1043, 1048-50 (9th Cir. 2002) (finding in this Circuit, a 25% fee is the accepted "benchmark" in

12  common fund cases); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975) (lodestar

13  approach).

14

15     12.    The Court further adjudges that the payment of an incentive award in the amount of

16  $10,000.00 (the "Incentive Award") to Mr. Durant to compensate him for his efforts and

17  commitment on behalf of the Settlement Class is fair, reasonable, and justified under the

18  circumstances of this case. *See Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157 (9th Cir.

19  2013). Such payment shall be made pursuant to and in the manner provided by the terms of the

20  Settlement Agreement.

21

22     13.    The Court hereby approves payment from the Gross Settlement Amount of the

23  administrative expenses of Rust Consulting, which are currently estimated to amount to $46,970.00.

24     14.    Except as otherwise set forth in this Order and the Settlement Agreement, the Parties

25  shall bear their own costs and attorneys' fees.

26     15.    The Parties, without further approval from the Court, are hereby permitted to agree to

27  and to adopt such amendments, modifications, and expansions of the Settlement Agreement and its

28

SMRH:4828-2468-2135.1                                -5-

implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of the Settlement Class.

16.     Without affecting the finality of this Final Judgment for purposes of appeal, this Court shall retain jurisdiction over the Settlement Administrator, Plaintiff, Defendants, the Settlement Class, and the Releasing Parties as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and this Final Judgment, and for any other necessary purpose.

**IT IS SO ORDERED.**

Dated this the __ day of _____, 2019.

_____
Honorable Richard A. Jones